\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TIMOTHY WEAKLEY

Plaintiff Pro se,

V.

AMAZON.COM INC.

AAA FREIGHT, INC. ET,AL.

Defendant(s).

**20-CV-00071** MJP

Cause No:_____

Jury Trial: Yes

_____ FILED
_____ LODGED       **MAIL**
_____ RECEIVED

**JAN 15 2020**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

---

CIVIL COMPLAINT FOR GROSS NEGLIGENCE OR IN THE ALTERNATIVE
COMPLAINT FOR NEGLIGENCE
(28 U.S.C. § 1332; Diversity of Citizenship)

---

1   **MAY IT PLEASE THE COURT:**

2      **COMES NOW PLAINTIFF** ("Plaintiff") and alleges that

3   Amazon.Com INC. ("Amazon") and AAA Freight Inc. ("AAA")

4   willfully and routinely coerced Plaintiff to operate a

5   commercial motor vehicle in axiomatic violation of the Federal

6   Motor Carrier Safety Act- Hours of Service ("FMCSA HOS")

7   constituting gross negligence per se.  This complaint alleges

8   and will show that Amazon and AAA worked Plaintiff into the

9   ground like a rented mule and intentionally deprived Plaintiff

10  of sleep which gave rise to the October 31, 2019 traffic crash

11  that resulted in Plaintiff's physical injuries and economic

12  damages.  Additionally, in order to obfuscate Amazon and AAA's

13  gross negligence- AAA would routinely edit Plaintiff's

14   electronic logbook violations so that law enforcement or the

15   Department of Transportation would be none the wiser.  It has

16   often been said that the devil is in the details.  This is the

17   case of: the devil is in the dispatches, remote- edits of the

18   electronic logbook and GPS tracking history of Plaintiff's semi-

19   tractor.

20                  I.    THE PARTIES TO THIS COMPLAINT

21   A.   Plaintiff.
22   Name: Timothy Weakley
23   Street Address: 414 East Mountain View Rd. Apartment 503
24   City and County: Johnson City, Washington County
25   State and Zip Code: Tennessee, 37601
26   Telephone Number: 423-524-3088
27

28   B.    Defendant(s)
29   Defendant No. 1
30   Name: Amazon.Com Inc.
31   Street Address: 410 Terry Ave N.
32   City and County: Seattle, King County
33   State and Zip Code: Washington 98109
34   Telephone Number: (206) 266-1000
35

36   Defendant No. 2
37   Name: AAA Freight, Inc.
38   Street Address: 17201 State Street
39   City and County: South Holland, Cook County
40   State and Zip Code: Illinois, 60473
41   Telephone Number: (630) 413-9534

42                  II.    SUMMARY OF THE COMPLAINT

43       Plaintiff alleges that AAA and its safety department would

44   routinely edit Plaintiff's electronic logbook ("e-log") with a

45  criminal intent in order to cause it to appear that Plaintiff

46  was operating his semi-tractor within the confines of the

47  FMCSA's HOS regulations.  This complaint further alleges that

48  Amazon had direct knowledge of the gross FMCSA HOS violations

49  because of Amazon's very sophisticated freight tracking

50  application of which Plaintiff was mandatorily required to

51  install and maintain in operation on his cell phone as a

52  condition of employment.  Said application tracked Plaintiff's

53  movements down to the millisecond 24/7 so long as it was

54  installed on his cellular phone.  Additionally, Amazon and AAA

55  [respectively and collectively] knew or should have known that

56  its conduct violated the law and placed the public at risk.

57  Also, Amazon and AAA: (1) Owed Plaintiff a duty, either to act

58  (or refrain from acting) in a certain way, as would be expected

59  from a "reasonable" person. (2) Acted (or failed to act)

60  contrary to their duty to the Plaintiff. (3) Amazon and AAA's

61  breach of duty, in fact, resulted in the Plaintiff's injuries as

62  the direct result of their breached duty.  (4) Amazon and AAA's

63  actions or inactions were within the scope of known risks and

64  they should have known an injury could occur.  (5) As a result

65  of Amazon and AAA's negligence, plaintiff in fact suffered

66  injuries, physical or otherwise.

67

68          **III.   BASIS FOR JURISDICTION AND VENUE**

69          Both forum and venue are proper in this jurisdiction

70   pursuant to 28 U.S.C. § 1332 on the following grounds: (1)

71   Neither of the Defendants named in this civil complaint reside

72   in the same state as Plaintiff.  (2) Defendant [Amazon.Com Inc.]

73   is incorporated under the laws of the State of Washington, and

74   has its principal place of business in the State of Washington.

75          **IV.   THE AMOUNT IN CONTROVERSY**

76          The amount in controversy exceeds $75,000, not counting

77   interest and costs of court.  Plaintiff's damages include but

78   are not limited to: medical expenses, loss of revenue and loss

79   of his semi- tractor.

80          **V.   DEFINITIONS AND APPLICABLE STATUTES**

81      **FMCSA §395.3   Maximum driving time for property-carrying**

82                              **vehicles.**

83      (a) Except as otherwise provided in §395.1, no motor
84   carrier shall permit or require any driver used by it to drive a
85   property-carrying commercial motor vehicle, nor shall any such
86   driver drive a property-carrying commercial motor vehicle,
87   regardless of the number of motor carriers using the driver's
88   services, unless the driver complies with the following
89   requirements:

90   (1) Start of work shift. A driver may not drive without first
91   taking 10 consecutive hours off duty;

92   (2) 14-hour period. A driver may drive only during a period of
93   14 consecutive hours after coming on duty following 10
94   consecutive hours off duty. The driver may not drive after the
95   end of the 14-consecutive-hour period without first taking 10
96   consecutive hours off duty.

97   (3) Driving time and rest breaks. (i) Driving time. A driver may
98   drive a total of 11 hours during the 14-hour period specified in
99   paragraph (a)(2) of this section.

100   (ii) Rest breaks. Except for drivers who qualify for either
101   of the short-haul exceptions in §395.1(e)(1) or (2), driving is
102   not permitted if more than 8 hours have passed since the end of
103   the driver's last off-duty or sleeper-berth period of at least
104   30 minutes.

105   (b) No motor carrier shall permit or require a driver of a
106   property-carrying commercial motor vehicle to drive, nor shall
107   any driver drive a property-carrying commercial motor vehicle,
108   regardless of the number of motor carriers using the driver's
109   services, for any period after—

110   (1) Having been on duty 60 hours in any period of 7
111   consecutive days if the employing motor carrier does not operate
112   commercial motor vehicles every day of the week; or

113   (2) Having been on duty 70 hours in any period of 8
114   consecutive days if the employing motor carrier operates
115   commercial motor vehicles every day of the week.

116   (c)(1) Any period of 7 consecutive days may end with the
117   beginning of an off-duty period of 34 or more consecutive hours.

118   (2) Any period of 8 consecutive days may end with the
119   beginning of an off-duty period of 34 or more consecutive hours.

120                          **VI. FACTUAL BACKGROUND**

121    1.   On or about May 4, 2019 AAA hired Plaintiff to perform

122    duties as a licensed class A commercial truck driver.

123    Subsequently, on or about May 4, 2019 Plaintiff then leased a

124    semi-tractor from AAA Leasing LLC. which is a sister company to

125    AAA and is located on the same premises as AAA.

126    2.   Upon completing AAA's hiring and leasing process Plaintiff

127    was then assigned to AAA's "Amazon Division," where for the most

128    part, Plaintiff would haul freight exclusively for Amazon.

129    3.   In an escalating pattern of reckless disregard for federal

130    law, i.e., the FMCSA HOS, Amazon and AAA routinely coerced

131    Plaintiff into driving for unlawfully extended periods of time

132    lasting as long as 20 -30 hours or more with only an hour or two

133    of rest.   Pursuant to FMCSA 49 CFR §395.3(3)(i): a driver may

134    only drive 11 hours without first taking 10-hour break prior to

135    driving again.

136    **A. FIRST CASE AND POINT [AMAZON AND AAA's CONDUCT COLLECTIVELY]**

137    4.   Attached is Plaintiff's Ex. 1 as captured from Amazon's

138    proprietary cellular phone GPS and freight tracking application.

139    On the night of October 14, 2019 Plaintiff was directed by both

140    Amazon and AAA to begin a trip originating in Edwardsville,

141    Illinois at 18:58 [see Plaintiff's Ex. 1 page 6].   The trip

142  required Plaintiff to travel 5 hours east to Shepherdsville,

143  Kentucky arriving at 02:21 in the morning.  Upon arrival at

144  02:21 Plaintiff was to pick up a loaded trailer and return it to

145  the Edwardsville, Illinois facility by 23:48 on October 15,

146  2019.  Because the round trip accounted for more than 10 hours

147  of Plaintiff's 11 hours of drive time for that day, Plaintiff

148  could not complete the tour without taking a 10-hour rest break.

149  5.   Accordingly, Plaintiff completed his shift, found safe

150  parking and then began and completed his 10-hour rest break

151  before he resumed driving at 22:00 on the night of October 15,

152  2019.  Plaintiff then finished his tour and arrived back at

153  Edwardsville, Illinois at 04:32 on the morning of October 16,

154  2019. [See Plaintiff's Ex. 1 page 6].

155          **HERE IS THE WHERE THE COERCION AND ILLEGALITY ARISE**

156  6.   Amazon and AAA [through its technology] were fully aware

157  that Plaintiff began his 14-hour work day at 22:00 on the night

158  of October 15, 2019 [see Plaintiff's Ex. 1 page 6] and yet still

159  coerced Plaintiff into driving a second shift that originating

160  in Edwardsville, Illinois at 07:46 on that same morning of

161  October 16, 2019.  The load was to be delivered by 19:00 that

162  same night in Kenosha, Wisconsin.  In order to comply with the

163  unlawful nature of Amazon and AAA's demand, Plaintiff would be

164  forced to work and drive a double shift of 19 hours and 30

165  minutes without taking a 10-hour rest break as required after 14

166  hours of on duty service.

167  7.   The forgoing dispatch was unlawful because the FMCSA 14-

168  Hour Limit rule mandates that a driver may not drive beyond the

169  14th consecutive hour after coming on duty, following 10

170  consecutive hours off duty.  AAA was aware of the violations

171  because AAA received electronic notifications [in real-time] via

172  the e-log system HOS clock violations arise.  Amazon was aware

173  because it tracks a driver's hours through it freight tracking

174  system.

175  8.   In any event, Plaintiff resisted the unlawful dispatch.

176  However, his resistance triggered several heated phone arguments

177  between AAA, Plaintiff and Amazon which ultimately resulted in

178  the load being cancelled because Plaintiff did not have

179  sufficient driving hours remaining to work a second driving

180  shift.  AAA then counseled Plaintiff during a follow-up phone

181  call stating: "Amazon is our biggest and best paying customer so

182  occasionally we have to bend the rules in order to appease

183  them."  And that if Plaintiff could not obey orders: "turn your

184  truck in and find a new line of work more suitable for laziness.

185  Are we clear?"  Plaintiff now fearful for his job and livelihood

186  replied: "Yes sir I understand."

187 **DUE TO PLAINTIFF'S RESISTANCE BOTH AAA AND AMAZON WHERE FULLY**

188 **AWARE OF PLAINTIFF'S 14-HOUR CLOCK**

189 9.   Regardless, pursuant to Plaintiff's resistance, AAA and

190 Amazon working in lock-step and concert, canceled, the afore

191 described trip after being placed on noticed that Plaintiff

192 could not drive past noon without first taking a 10-hour rest

193 break pursuant FMCSA HOS 14-hour rule.  However, in a strong-

194 armed act of coercion, Amazon and AAA then re-assigned Plaintiff

195 trip number T-161R3BX9 which was the very same trip that

196 Plaintiff had previously resisted for the reasons stated above.

197 11.  Plaintiff, fearful for his job, ran the load although he

198 did not arrive until in Kenosha, Wisconsin until 20:50 due to

199 fatigue.

200 12.  Plaintiff avers that the forgoing work day demanded that he

201 work a total of 21 consecutive hours without a 10-hour rest

202 break.  It also required Plaintiff to drive well past the 14-

203 hour limit without a 10-hour rest break in violation of FMCSA

204 HOS.

205 13.  Plaintiff avers that each of the afore said facts generated

206 numerous and obvious e-log violations.  And that per the usual,

207 in an act to obfuscate its illegality and gross negligence,

208 AAA's so-called safety department then remotely- edited

209   Plaintiff's e-log to reflect that Plaintiff was off-duty and did

210   not drive on either October 15th or 16th in order to give the

211   impression that Plaintiff had not worked on either of those

212   days. [See plaintiff's Ex. 1 pages 9 and 11].

### FACIAL VIOLATIONS OF FMCSA HOS

214   14.  Plaintiff avers that Plaintiff's Ex. 1 makes it

215   unambiguously obvious that Amazon and AAA were fully aware and

216   knew or should have known that their conduct was unlawful.

### B. SECOND CASE AND POINT [AAA's CONDUCT RESPECTIVELY]

218   15.  In a continued escalation and more brazened pattern of

219   abuse, on or about October 25, 2019 at 11:00, AAA dispatched

220   Plaintiff from Fort Dodge, Iowa to Worthington, Minnesota [4

221   hours northwest] to recover an empty trailer [see Plaintiff's

222   Ex. 2 page 2].  Upon arriving in Worthington, Mn. Plaintiff

223   spent approximately 2 hours attempting to ascertain the

224   whereabouts of the abandoned trailer before eventually

225   retrieving it.

226   16.  Upon retrieving the empty trailer, Plaintiff was then

227   directed to travel 1 hour and 30 minutes west to Sioux Falls,

228   South Dakota to pick up a load by 17:00.  Accordingly, Plaintiff

229   arrived at the shipper there in Sioux Falls, South Dakota at

230   17:20 and spent 2 hours and 30 minutes loading [see Plaintiff's

231   Ex. 2 pages 3 and 4].  That brought the time of day to 20:00 at

232   night.  The load was scheduled to be delivered by 10:00 the

233   following morning of October 26, 2019 [see Plaintiff's Ex. 2

234   page 3].

235   17.  Because Plaintiff began his work day at 11:00 that morning

236   [pursuant to dispatch] the FMCSA HOS 14-hour rule prohibited

237   Plaintiff to drive his semi-tractor past 01:00 without first

238   taking a 10-hour rest break.

239   18.  As such, Plaintiff left Sioux Falls, South Dakota at 20:00

240   and drove until 23:30 reaching Lacrosse, Wisconsin where he

241   ceased driving and began his 10-hour rest break.

242   **HERE IS WHERE THIS INSTANCE OF COERCION AND ILLEGAILTY AROSE**

243   19.  Later on, in the wee morning hours of October 26, 2019 at

244   03:00 hours [a mere 3 hours and 30 minutes into Plaintiff's 10-

245   hour rest break] Plaintiff received a phone call from AAA

246   stating that GPS indicated that he had been parked for several

247   hours and was not "rolling."  Plaintiff explained that he was on

248   break and would be on break until 10:00.  AAA told Plaintiff

249   that this was: "unacceptable" and that Plaintiff "needed to get

250   rolling immediately" in order "to avoid being fined by the

251   broker for missing the appointment time."  Fatigued but fearful

252  for his job, Plaintiff acquiesced to AAA's demand and began

253  driving again in violation of the FMCSA 14-hour rule.

254  20.  Plaintiff arrived to his destination in Des Plaines,

255  Illinois at 12:25 only to find that the receiver closed at

256  10:00.  Plaintiff then found a nearby truck stop and began his

257  much needed and long overdue 10-hour rest break.  However, per

258  the usual, at 16:30 [a mere 4 hours into Plaintiff's 10-hour

259  break] Plaintiff received a phone call from AAA wherein AAA

260  expressed its anger relative to Plaintiff having missed the

261  afore mentioned 10:00 delivery appointment.

262  21.  During the course of that phone call Plaintiff was ordered

263  end his break and to bring the loaded trailer that he was

264  currently carrying to AAA headquarters in South Holland,

265  Illinois and to drop it off there on the yard [see Plaintiff's

266  Ex 2 page 6].  Because Plaintiff had begun his work day at 11:00

267  the previous morning of October 25, 2019 Plaintiff had now gone

268  33 hours and 30 minutes without being granted a proper 10-hour

269  rest break.

270  22.  Nonetheless, upon Plaintiff's arrival at AAA's headquarters

271  at 17:30 he dropped his loaded trailer off as instructed.  AAA

272  then told Plaintiff through verbal command and also in writing

273  [via official dispatch] to immediately travel to University

274  Park, Illinois to pick up a load and deliver it to Fulton,

275   Missouri on the following morning [see Plaintiff's Ex. pages 6

276   and 8].  AAA stressed in the strictest of terms that the

277   appointment time was at 08:00 the following morning of October

278   27, 2019.

279   23.  Plaintiff in fear of not only of losing his job but also of

280   losing his leased semi-tractor [which was the sole source of his

281   livelihood] that he was leasing from AAA's sister company obeyed

282   AAA's order and went to University Park, Illinois arriving at

283   18:30.  Plaintiff then departed University Park for Fulton,

284   Missouri at 19:30.

285   24.  Plaintiff then drove until 22:00 but due to sheer

286   exhaustion and fatigue from sleep deprivation, Plaintiff could

287   travel no further.  Subsequently, Plaintiff then began his 10-

288   hour break, although, he could not take a 10-hour break and also

289   arrive in Fulton, Missouri by 08:00 as ordered by AAA.

290               **ADDITIONAL ILLEGALITY AND COERCION BY AAA**

291   25.  Subsequently, in the early morning hours of October 27,

292   2019 at 02:30 [a mere 4 hours and 30 minutes into Plaintiff's

293   10-break] Plaintiff received a phone call from AAA wherein AAA

294   stated: "Driver you need to start rolling toward Fulton so that

295   we are not late for this appointment."  Plaintiff then resumed

296   driving and arrived in Fulton at 07:22 on the morning of October

297   27, 2019 as denoted by the check-in time on the face of the

298   attached bill of lading/ shipping documents wherein the receiver

299   documented Plaintiff's time of arrival [see Plaintiff's Ex. 2

300   page 9].   In any event, Plaintiff then spent 4 hours there in

301   Fulton, Mo. allowing his trailer to be unloaded and departed the

302   receiver at 11:30 [see Plaintiff's Ex 2 page 9].   Plaintiff then

303   traveled a few miles down the road to the nearest truck stop and

304   began his 10-hour break.

305   26.   The forgoing fact pattern meant that Plaintiff while under

306   the control and dispatch of AAA had been coerced and forced to

307   work from 11:00 on the morning of October 25, 2019 until 12:30

308   on October 27, 2019 which constitutes a work shift lasting 49

309   hours and 30 minutes without a 10-hour rest break.

310   27.   Per the usual pattern, AAA's safety department [in an act

311   of deception] then remotely- edited and falsified plaintiff's e-

312   log in order to make appear as though Plaintiff had been resting

313   off duty for the entirety of October 26th and 27th and not

314   driving in violation of FMCSA HOS [see Plaintiff's Ex. 2 pages 7

315   and 11].

316   **C. THIRD CASE AND POINT [AMAZON AND AAA's CONDUCT COLLECTIVELY]**

317   28.   Later, on the evening of October 27, 2019 Plaintiff

318   received a phone call from AAA wherein Plaintiff was informed

319   that Amazon needed his tractor for a dispatch on the following

320   morning of October 28, 2019 at 06:00 [see Plaintiff's Ex. 3 page

321   2].   Plaintiff then tried to explain to AAA that he was burnt

322   out, suffering from insomnia due to sleep deprivation and as a

323   result he was in a deep state of depression and needed more time

324   to try to recover physically and mentally.

325   29.   AAA responded: "suck it up Driver.   Listen to me and listen

326   to me very, very carefully.   Don't play games with my Amazon

327   account. Don't be late for this pickup.   You got it?"   Plaintiff

328   responded: "yeah man, I got it."

329   30.   Regardless, on the morning of October 28, 2019 Plaintiff

330   obeyed AAA and departed Fulton, Missouri for Edwardsville,

331   Illinois at 04:00 in order to arrive at Amazon by 05:45.   Upon

332   Plaintiff's arrival at Amazon's Edwardsville, Illinois facility

333   Plaintiff checked in at the guard shack and was then assigned an

334   empty trailer.   The trip's itinerary then required that

335   Plaintiff travel 4 hours and 30 minutes east to Evansville,

336   Indiana for a pick-up.

337   31.   Accordingly, Plaintiff arrived at Evansville and spent 1

338   hour and 45 minutes allowing his trailer to be loaded before

339   departing to make the journey back to Edwardsville, Illinois

340   arriving by 14:55 as Amazon's itinerary required [see

341   Plaintiff's Ex. 3 page 2].   The round trip took approximately 9

342   hours of drive time.

343   32.   Because Plaintiff drove 1 hour and 45 minutes at the

344   beginning of his shift from Fulton, Mo. to Edwardsville, Il.,

345   his total drive time for the day was 10 hours and 45 minutes.

346   33.   This fact meant that pursuant to the FMCSA HOS 11-hour

347   rule, Plaintiff could only drive 15 additional minutes until

348   Plaintiff would have to rest for 10 consecutive hours prior to

349   driving again.   Accordingly, Plaintiff then traveled to a nearby

350   Pilot Truckstop and began his 10-hour break, noting that the

351   time of day had now reached 17:30 in the evening [see

352   Plaintiff's Ex. 3 page 3].

353   34.  As Plaintiff had settled into his bunk in order to rest and

354   allow his body, Plaintiff received a phone call from AAA.

355   Plaintiff chose to ignore the call because he knew from past

356   experiences that AAA was about to ask Plaintiff to perform some

357   sort of act that would be illegal in nature.

358   35.  AAA then called again.  And then again and again and again

359   [back to back to back] which eventually forced Plaintiff to

360   finally answer AAA's call.  Plaintiff answered: "Hello!"  AAA

361   responded: "Get some rest Weakley.  Amazon wants you to roll out

362   tonight at 22:45 on a tour that picks up over in Edwardsville

363   headed down to Memphis and back!" [See Plaintiff's Ex. 3 pages

364   4,5 and 6].   "Check your amazon app and don't be late!"

365   36.  Plaintiff then exclaimed: "I'm out of hours.  Besides, I

366   already pulled my shift for today and you know that."   AAA

367   responded with a condescending chuckle and stated: "You know the

368   drill man, why are you acting green?  Don't worry about your

369   logs, I will have safety cover you and send you the edits."

370   37.  Plaintiff responded: "Why do ya'll keep forcing me to drive

371   in violation like this, this is foul?  I'm running on fumes out

372   here."  AAA then told Plaintiff: "Amazon needs this route

373   covered tonight because of increased volume and that's all you

374   need to know." "Check your app and don't be late man."

375   38.  Plaintiff then ended the call and checked his Amazon app as

376   ordered.  And low and behold, just as AAA had claimed, another

377   shift had been forced onto Plaintiff by AAA and Amazon

378   collectively [see Plaintiff's Ex. 3 pages 4,5 and 6].

379   Plaintiff, livid with both AAA and Amazon, then rebelled and

380   resisted by directly calling Amazon to complain.

381   39.  During the course of that call Plaintiff informed Amazon

382   that he: "was worn out and did not have any drive time left for

383   the day."  Plaintiff then asked Amazon: "Do you see where I have

384   already driven a 10-hour shift for you today?"  Amazon stated:

385   "Yes.  But what's your point?"  Plaintiff then asked: "Well if

386   you see that, why in the heck are you putting another load on

387   me?" "You guys at Amazon claim to be so safety oriented but

388   that's a big fat crock of crap apparently."

389   40.  Amazon then explained: "Sir you're going to need to take

390   this issue up with your carrier, not us."  Amazon then asked:

391   "Sir will you be on time for your pick up tonight?  This load

392   must pick up and deliver on time."  Plaintiff then responded:

393   "Go to hell.  You just said you see that I have no hours

394   available yet you want me to run this load dirty for you

395   anyhow."  Plaintiff then abruptly ended the call.

396   41.  Amazon apparently called AAA and expressed its displeasure

397   for Plaintiff's tone because AAA then called Plaintiff back

398   shortly thereafter and scolded him using the harshest of

399   profanities and angrily told Plaintiff that he was to: "never

400   call Amazon headquarters again."  AAA then went on to state:

401   "Run the load or turn in your keys!"

402   42.  To be clear, Amazon Trip: T-113SXVHWR required Plaintiff to

403   report to Amazon's Edwardsville, Illinois facility at 22:45 the

404   night of October 28, 2019.  Plaintiff had just completed a tour

405   for Amazon at 14:55 that was a 10 hour round trip as supported

406   by Plaintiff's Ex. 3 page 7.  As a result, Plaintiff began his

407   10-hour rest break at 17:00.  Ergo, to begin driving again at

408   22:45 meant that Plaintiff could only rest for 5 hours and 45

409   minutes rather than the mandated 10 hours.  It also meant that

410   Plaintiff would have to drive in violation of the 14-hour rule

411   as well.

412   43.  Plaintiff having been effectively coerced into taking

413   Amazon Trip: T-113SXVHWR which was scheduled to depart from

414   Edwardsville at 22:45, attempted to rest his weary body but the

415   stress, pressure and mental fatigue from the long unlawful work

416   hours and the consistent pattern of coercion made it impossible

417   to sleep.

418   **HERE IS WHERE AMAZON AND AAA'S COERCION MATERIALIZED IN THIS**

419   **INSTANCE**

420   44.  Said stress and pressure was immediately compounded when

421   AAA called Plaintiff back at 17:30 [just 30 minutes after

422   Plaintiff had told Amazon to "Go to hell"] and exclaimed: "Get

423   your lazy ass up Weakley! It's time to go back to work!"

424   Flabbergasted, Plaintiff listened anxiously as AAA stated: "You

425   and your smart-ass mouth and disrespectful attitude just nearly

426   got banned from Amazon for life.  They claim the only way to

427   make this right with them is to cover a "HOT" load for them up

428   in Rockford, Illinois tonight."  "I guess you really pissed

429   someone off over at Amazon because they took that good Memphis

430   run off you and put this Rockford run on you." "Check your app

431   and get rolling to Rockford. We've got a really tight window

432   here. Be there by 21:30 tonight for this pick up." "And your ass

433   had better not be late Weakley!"

434   45.  Plaintiff then checked his Amazon app and consistent with

435   the prior pattern of abuse perpetuated upon Plaintiff by AAA and

436   Amazon collectively, Amazon had indeed canceled Trip: T-

437   113SXVHWR.  However, AAA and Amazon's conduct became even more

438   egregious and more coercive as evidenced by Amazon Trip:

439   114TRS6LJ which did not provide for any rest whatsoever between

440   shifts [see Plaintiff's Ex. 3 page 8].

441   46.  Effectively, Plaintiff was coerced to immediately abort his

442   10-hour break [a mere 30 minutes into his break] that he had

443   just began at 17:00 because Amazon Trip: 114TRS6LJ required that

444   Plaintiff arrive in Rockford, Illinois by 21:30 on the night of

445   October 28, 2019.

446   47.  Amazon Trip: 114TRS6LJ would then require Plaintiff to

447   arrive in Crest View, Illinois by 01:06 on the morning of

448   October 29, 2019 and to then travel back to Rockford by 03:00

449   before he would be able to take his rest break.  Pursuant to

450   Amazon Trip: 114TRS6LJ Plaintiff was coerced into working 25

451   hours consecutively [well past the 14-hour rule limit without a

452   10-hour rest break] because Plaintiff's shift began at 04:00 the

453   morning of October 28, 2019 and lasted until 03:00 the morning

454   of October 29, 2019.  Federal law prohibits such reckless

455   conduct by a carrier or 3rd party broker such as Amazon.

456   48.  Regardless, Plaintiff completed Amazon Trip- 114TRS6LJ at

457   16:07 on the evening of October 29, 2019.  Per the usual, AAA

458   then altered Plaintiff's e-log to make it appear as though he

459   were resting rather than driving on the night of October 28th and

460   the early morning hours of the 29th. [See Plaintiff's Ex. 3 and

461   11].

462                   **D. FOURTH CASE AND POINT [AAA RESPECTIVELY]**

463   49.  Plaintiff avers that on the evening of October 29, 2019

464   Plaintiff spoke with AAA and informed AAA that he was in an

465   extreme state of fatigue and suffering from insomnia and

466   depression due to the sheer lack of sleep.  Plaintiff informed

467   AAA that he was going to take a 34-hour rest break because

468   Plaintiff needed to rest his body and recover mentally.  Thus,

469   Plaintiff began his 34-hour rest break at 16:45 on the evening

470   of October 29, 2019. [See Plaintiff's Ex. 3 page 11].

471   50.  On October 30, 2019 at 09:25 [just 14 hours and 25 minutes

472   into Plaintiff's 34-hour break] Plaintiff received a phone call

473   and email from AAA notifying Plaintiff that AAA had dispatched

474   Plaintiff to St. louis, Missouri for a 15:00 pick up.  Plaintiff

475   resisted that dispatch and ended the call with AAA.  Moments

476   later someone in upper management with AAA called Plaintiff back

477   and told Plaintiff in a very stern Russian accent: "I am not

478   here to argue and debate with you.  You have two options.  You

479   can run this load and keep your job or you can return my truck

480   and trailer here to Chicago and go find you a new job.  We are

481   sick of your juvenile antics." "So what your choice is Mr. Big

482   shot?"

483   51.  Plaintiff tearfully and emotionally responded: "I have not

484   slept a wink because of all of the caffeine and stimulants I've

485   had to take just in order to stay awake.  I'm not a machine.

486   Ya'll have ran me into the dirt and couldn't care less about my

487   safety."  Nonetheless, Plaintiff under duress acquiesced and

488   responded: "Ok dude, I'll run the load."   AAA then stated: "And

489   be advised that if you're late, I am docking your pay 250

490   bucks." [See Plaintiff's Ex. 4 page 4].

491   52.  As a result of the threat issued by AAA, Plaintiff relented

492   and prematurely ended his 34-hour break.  Plaintiff then

493   proceeded to the shipper in St. Louis, Missouri as ordered.

494   After having his trailer loaded, Plaintiff then departed the

495   shipper in route to Cleveland, Tennessee at 16:30.

496   53.  Fatigued, Plaintiff drove in short intermittent periods

497   throughout the night and as a result missed his 08:00

498   appointment as he arrived at 11:00 the morning of October 31,

499   2019.  Plaintiff's trailer was unloaded by 13:00.  Plaintiff was

500   then told to standby and wait for his next dispatch.

501   54.   At 17:00 AAA called Plaintiff and notified him that there

502   was no freight in the area and subsequently dispatched him to

503   Johnson City, Tennessee.  AAA stated that it would dispatch

504   Plaintiff the following morning of November 1, 2019 from Johnson

505   City.

506   55.  At approximately 20:30 on the night of October 31, 2019

507   while traveling east bound on Interstate 26, Plaintiff fell

508   asleep at the wheel and crashed ["the Crash"] his semi-tractor

509   into a concrete barrier along the roadside at mile marker 17.

510   56. Plaintiff's injuries suffered as the result of the Crash

511   have caused him to incur significant medical expenses, loss of

512   his business and loss of income.

513                          CAUSES OF ACTION

514   57.  Plaintiff would show the Court that the acts and omissions

515   of the Amazon and AAA as set forth above, individually and

516   independently, separately and collectively, constitute

517   negligence or illegality resulting in gross negligence *per se*

518   and are a direct and proximate cause of the Crash and resulting

519   injuries and damages sustained by Plaintiff.

520  58.  The violations, negligent acts, and omissions of Amazon and

521  AAA breached a number of duties owed to Plaintiff and the public

522  including, but not limited to:

523      a. a duty to exercise the degree of care, skill and
524      competence that a reasonable and ordinary employer and
525      or freight broker would exercise under similar
526      circumstances;

527      b. the duty to exercise reasonable care to avoid a
528      foreseeable risk of injury to other persons; and;

529      c. a duty to use ordinary care by not placing other in
530      harm's way.

531  59.  AAA, as Plaintiff's employer breached the following duties

532  owed to Plaintiff and the public at large including, but not

533  limited to:

534       a. The duty to use ordinary care in providing a safe
535      workplace; and

536      b. the duty to use ordinary care in supervising an
537      employee's activities.

538

539

540                  DAMAGES & EXEMPLARY DAMAGES

541  60.  Accordingly, Plaintiff TIMOTHY WEAKLEY seeks all actual

542  damages to which he shows himself entitled.  Plaintiff alleges

543  that his damages exceed $75,000.00.

544  61. Plaintiff's damages include past and probable future loss,

545  including but not limited to:

546  a. pain and suffering;

547  b. mental anguish;

548  c. loss of earnings and earning capacity;

549  d. necessary medical, therapeutic, pharmaceutical care; and

550  e. loss of consortium.

551  62. The conduct of Amazon and AAA, individually, as described

552  above constituted gross negligence, in that these Defendants'

553  act or omission:

554  (1) when viewed objectively from the standpoint of the defendant

555  at the time of its occurrence, involved an extreme degree of

556  risk, considering the probability and magnitude of the potential

557  harm to others; and (2) defendant had actual, subjective

558  awareness of the risk involved, but nevertheless proceeded with

559  conscious indifference to the rights, safety, and welfare of

560  others, including Plaintiff.

561                                PRAYER

562      WHEREFORE, Plaintiff, TIMOTHY WEAKLEY, prays that

563  Defendants, Amazon and AAA, individually, be served to appear

564  and answer, and for judgment that affords him actual damages,

565  exemplary damages, prejudgment and post-judgment interest and

566  any other relief to which Plaintiff has shown himself entitled.

567  Plaintiff also seeks any other such damages that may be awarded

568  by this Honorable Court.


569                                  RESPECTFULLY SUBMITTED:

570                                  _____

571                                  TIMOTHY WAYNE WEAKLEY
572                                                  PRO SE
573                                  414 EAST MOUNTAIN VIEW ROAD
574                                              APARTMENT 503
575                                              423-797-0096
576                                  timothyweakley@yahoo.com



Reusab

Align bottom of peel-and-stick airbill or pouch here.

SH BFIA

TRK# 7795 9752 7743
0201

ORIGIN ID:TRA   (423) 524-2088
TIMOTHY SEMKLEY
414 E MOUNTAIN VIEW RD
APT 508
JOHNSON CITY, TN 37601
UNITED STATES US

TO  U.S. DISTRICT COURT
    CLERK'S OFFICE
    700 STEWART STREET
    SUITE 2310
    SEATTLE WA 98101

THU – 16 JAN 4:30P
EXPRESS SAVER

98101
SEA

FedEx
Express

E