1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 10  TIMOTHY WEAKLEY, | CASE NO. C20-71 MJP |
| 11           Plaintiff, | ORDER GRANTING DEFENDANT |
| | AAA FREIGHT, INC'S MOTION |
| 12      v. | TO DISMISS FOR LACK OF |
| | PERSONAL JURISDICTION AND |
| 13  AMAZON.COM INC. et al., | IMPROPER VENUE |
| 14           Defendants. | |

15

16     This matter comes before the Court on Defendant AAA Freight, Inc.'s Motion to Dismiss

17  for Lack of Personal Jurisdiction and Improper Venue.  (Dkt. No. 12.)  Having reviewed the

    Motion and the relevant record, the Court GRANTS the Motion.

18     Plaintiff alleges that his former employers, Defendants AAA Freight, Inc. ("AAA") and

19  Amazon.com Inc., "worked Plaintiff into the ground like a rented mule and intentionally

20  deprived Plaintiff of sleep" leading to an accident in Tennessee "that resulted in Plaintiff's

21  physical injuries and economic damages."  (Dkt. No. 1, Ex. 1 ("Compl.") at 1.)  Additionally,

22  Plaintiff alleges that Defendant AAA "would routinely edit Plaintiff's electronic logbook

23  violations so that law enforcement or the Department of Transportation would be none the

24

1    wiser." (Id. at 1-2.)  Plaintiff describes several incidents demonstrating Defendant's alleged

2    violations of the Federal Motor Carrier Safety Improvement Act occurring in Illinois, Wisconsin,

3    Iowa, Minnesota, Missouri, Indiana, Tennessee, and South Dakota, but none in Washington.

4    (Compl. at 7-23.)  Defendant AAA now moves to dismiss the claims against it for lack of

5    personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

6         Personal jurisdiction exists in two forms: general and specific.  Dole Food Co. v. Watts,

7    303 F.3d 1104, 1111 (9th Cir. 2002).  For general jurisdiction to exist over a nonresident

8    defendant, the defendant must engage in "continuous and systematic general business

9    contacts . . . that approximate physical presence in the forum state."  Schwarzenegger v. Fred

10   Martin Motor Co., 374 F.3d 797, 801 (9th Cir.2004) (citation omitted).  For specific jurisdiction,

11   the Ninth Circuit applies a three-prong test: (1) the non-resident must do some act or

12   consummate some transaction with the forum by which he purposefully avails himself of the

13   privilege of conducting activities in the forum, thereby invoking the benefits and protections of

14   its laws; (2) the claim must be one which arises out of or results from the defendant's

15   forum-related activities; and (3) the exercise of jurisdiction must be reasonable.  Metro. Life Ins.

16   Co. v. Neaves, 912 F.2d 1062, 1065 (9th Cir.1990).

17        Because there is nothing in the Complaint or attached exhibits that links Defendant AAA

18   to Washington at all, Plaintiff has failed to meet any of the elements of general or specific

19   personal jurisdiction.  Plaintiff's jurisdictional statement explains that he filed his lawsuit in this

20   district because Defendant "Amazon is incorporated under the laws of the State of Washington"

21   and "[n]either of the Defendants named in this civil complaint reside in the same state as

22   Plaintiff."  (Compl. at 4.)  Plaintiff is a resident of Tennessee.  (Id. at 2.)  Defendant AAA is an

23   Illinois corporation with its principal place of business and sole physical location in Illinois.  (Id.;

24

1    Dkt. No. 12, Ex. A, Declaration of PJ Igic ("Igic Decl."), ¶¶ 3, 10.)  And the Complaint describes

2    conduct occurring in eight states, none of them Washington.  (Compl. at 7-23.)

3          Additionally, because Plaintiff did not file a response until two weeks after the noting

4    date, and Defendant therefore had no opportunity to reply, the Court need not consider Plaintiff's

5    response at all.  But beyond this procedural defect, Defendant's Response also fails to persuade

6    the Court on the merits.  When personal jurisdiction is challenged, "[a] plaintiff cannot simply

7    rest on the bare allegations of its complaint, but rather is obligated to come forward with facts,

8    by affidavit or otherwise, supporting personal jurisdiction."  DiscoverOrg Data LLC v. nDivision

9    Servs. Inc., No. C19-5508RBL, 2019 WL 4858429, at *1 (W.D. Wash. Oct. 2, 2019).   Here,

10   Plaintiff's response fails to put forth any facts supporting personal jurisdiction, instead stating

11   that the exhibits attached to the complaint "plausibly demonstrate that Amazon.Com Inc. knew

12   or should have known that its digital platform was being used to work Plaintiff to excess . . . ."

13   (Dkt. No. 19 at 2.)  But the exhibits attached to the Complaint are text messages and dispatches

14   directing Plaintiff to the eight states listed above, none of them Washington.  (See Dkt. No. 1, Ex

15   2-5.)

16         Therefore, finding no basis for personal jurisdiction over Defendant AAA, the Court

17   GRANTS Defendant's Motion and DISMISSES Plaintiff's claims against AAA, without

18   prejudice.

19

20         The clerk is ordered to provide copies of this order to all counsel.

21         Dated May 8, 2020.

22

23                                           Marsha J. Pechman

24                                           Senior United States District Judge

ORDER GRANTING DEFENDANT AAA FREIGHT, INC'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE - 3